UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
97 OCT -3 AM 10: 11
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
)
vs. ) Civil Action No. CV97-S-429-S
)
MATTHEW ELLENBERGER, )
)
    Defendant. )

ENTERED
OCT 0 3 1997

## MEMORANDUM OPINION

This action for collection of a defaulted student loan is before the court on plaintiff's motion for summary judgment. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment not only is proper, but

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct 2548, 2552, 91 L.Ed.2d 265 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party has met this burden, the nonmoving party "must produce evidence that shows there exists a genuine issue of material fact." *Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). Rule 56(e) requires the nonmoving party to go beyond the pleadings and

12

designate specific facts showing there exits a genuine issue of fact for trial. *Celotex*, 477 U.S. at 324. All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1985). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249.

On February 15, 1991, defendant Matthew Ellenberger (now a Chelsea, Alabama attorney) executed a promissory note with Student Loan Marketing Associates ("Sallie Mae") for the purpose of consolidating numerous debts held by other lenders. (Complaint exhibit 1.) In support of its motion for summary judgment, plaintiff presents a certificate of indebtedness from the United States Department of Education, demonstrating that Sallie Mae assigned that debt to the United States after plaintiff defaulted on November 18, 1991. (Motion for summary judgment exhibit A.) Defendant merely responds by stating that he has not received copies of the canceled promissory notes which were consolidated by Sallie Mae, and that he has no evidence the debts were paid. (Defendant's opposition at 2; defendant's affidavit.) That response does not challenge the evidence of indebtedness presented by plaintiff, or allege that defendant paid any amount to anyone in accordance with his outstanding debt. Thus, defendant fails to

2

demonstrate a genuine issue of material fact, and summary judgment is appropriate. Plaintiff's damages total $59,850.79: $41,602.25, principal; $18,198.54, interest; and, $50.00, administrative costs. An appropriate order will be entered contemporaneously herewith.

DONE this  3rd  day of October, 1997.

_____
C. Lynwood Smith, Jr.
United States District Judge

3